IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

BRANDON TYNER                                                                           PLAINTIFF

VS.                              NO. _____

STEVEN SHERRILL AND ABLE COLLECTION SERVICE, INC.              DEFENDANT

## COMPLAINT

Comes now the Plaintiff, by and through counsel, Harrill & Sutter, P.L.L.C., and for his Complaint, states:

### Parties and Jurisdiction

1. Plaintiff is a resident and citizen of Benton County, Arkansas.

2. Defendant, Able Collection Service, Inc., is a domestic corporation of good standing which is authorized to do business in the State of Arkansas. Steven Sherrill is employed by Able Collection Service, Inc. in Pulaski County, Arkansas. Both defendants are debt collectors within the meaning of the FDCPA

3. This action is brought under the Fair Debt Collection Practices Act (FDCPA). Accordingly, this Court has federal question subject matter jurisdiction under 28 U.S.C. §1331, and venue is proper under 28 U.S.C. § 1391. This court has personal jurisdiction over the parties.

### General Allegations of Fact

4. In February of 2004, Plaintiff noticed an adverse entry on his credit report placed there by Able, concerning a closed account with Jim Bottins.

5. Plaintiff does not owe Jim Bottins any money, but Defendants continue to attempt to collect a debt that is not owed..

6. In any event, Angie Tyner is not a party to the Bottins' debt.

7. Nonetheless, Sherrill discussed Brandon's consumer debt with Angie and even called her stupid.

8. The alleged debt arises out of a contract that allowed Brandon to attend a gym.

9. Thus, the debt at issue is a consumer debt.

10. However, Plaintiff does not owe the debt, and Defendants are attempting to collect a debt that cannot legally be collected.

11. Defendants refuse to verify the debt, as well as refuse to ensure that correct information is reported to consumer reporting agencies.

## Count I

12. Plaintiff re-alleges the foregoing as if fully set out herein.

13. Defendants are debt collectors, as the term is defined by the Fair Debt Collection Practices Act.

14. Able is liable for the actions of its employee, Steven Sherrill, as said actions occurred within the course and scope of his employment.

15. Plaintiff is a consumer, as that term is defined by the FDCPA.

16. In attempting to collect a debt, Able, through its agent, Steven Sherrill, improperly discussed a consumer debt with a third party prohibited by the Act.  15 U.S.C. § 1692(b).

17. Sherrill's actions alleged herein harassment and an attempt to collect an illegal debt in violation of the Fair Debt Collection Practices Act.  15 U.S.C. § 1692(d) and 1692(e).

18. Sherrill's efforts to collect a debt against the Plaintiff in this action were intentional and did not result from a bonafide error.

19. Each unlawful act of Defendant herein through its agent, Sherrill, was a separate violation of the Fair Debt Collection Practices Act (FDCPA) for which Plaintiff should be awarded the maximum amount of statutory penalty.

20. All of Defendant's actions have been willful.

21. Plaintiff is further entitled to attorney's fees and costs.

## Prayer for Relief

WHEREFORE, Plaintiff prays for appropriate compensatory damages, for the maximum

statutory penalty allowed by law for each violation Plaintiff proves at trial, for a reasonable attorney's fee, for costs, and for all other proper relief.

> Respectfully submitted,
>
> HARRILL & SUTTER, PLLC
> Attorneys at Law
> 310 Natural Resources Drive
> Post Office Box 26321
> Little Rock, Arkansas 72221-6321
> 501/224-1050
>
> By: _____
> L. Oneal Sutter, AR Bar No. 95031

C:\doc\tyner\fdcpa\cplt.doc

3